**ZHEN QIN CHEN, Petitioner,**

v.

**U.S. CITIZENSHIP AND IMMIGRA-TION SERVICES, Respondent.**

No. 06–2895–ag.

United States Court of Appeals, Second Circuit.

Jan. 12, 2007.

---

Jan Potemkin, Law Office of Jan Potemkin, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney (Peter W. Gaete, Assistant United States Attorney, on the brief), District of New Jersey, Newark, NJ, for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Zhen Qin Chen, a native of China, seeks review of a May 24, 2006 order of the BIA summarily affirming Immigration Judge ("IJ") Noel A. Brennan's November 18, 2004 decision denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Qin Chen*, No. A95 869 945 (B.I.A. May 24, 2006), *aff'g* A95 869 945 (Immig. Ct. N.Y. City Nov. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opin-

ion, we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ's adverse credibility finding was supported by substantial evidence. The IJ was troubled by Chen's demeanor during his hearing, noting that he was often "evasive, hesitant, and unresponsive." We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor. *See Zhou Yun Zhang,* 386 F.3d at 73. Because a fact-finder who assesses testimony together with demeanor is in the best position to discern whether the witness is truthful, *id.,* this is an appropriate basis for the adverse credibility finding. The IJ also reasonably relied on inconsistencies between Chen's hearing testimony and his written asylum application. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). The discrepancies regarding when Chen discovered the pregnancy and the circumstances of his wife's IUD removal related to important elements of his claim of forcible abortion. *See Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 308–09 (2d Cir.2003). Chen offered no explanation for these inconsistencies that would compel a reasonable adjudicator to accept his attempts at resolution. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005). The IJ also properly discounted the weight of Chen's unauthenticated corroborative evidence. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006) (holding that the weight an IJ gives to a State Department country report is left

largely to his discretion). Based on this adverse credibility finding, the IJ properly denied asylum.

■ Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). We do not have jurisdiction to review the denial of CAT relief because Chen did not raise that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

Finally, we conclude that Chen's claim that the IJ's behavior denied him a "full and fair hearing" in violation of Due Process is without merit.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).